**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4182

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHANRELLE HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:20-cr-00099-DJN-1)

Submitted:  July 11, 2022                                      Decided:  July 25, 2022

Before NIEMEYER, WYNN, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, Alexandria, Virginia, Heather Hart Mansfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Chanrelle Harris for distribution of cocaine base, heroin, and fentanyl, and two counts of distribution of fentanyl, all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  At a bench trial, the district court rejected Harris' argument that law enforcement, utilizing two confidential informants, entrapped Harris to commit the offenses.  The district court found Harris guilty and imposed a custodial sentence of time served, followed by three years of supervised release.  On appeal, Harris challenges her convictions, arguing that the district court erred in finding that Harris failed to demonstrate entrapment as a matter of law.  We affirm.

"Entrapment is an affirmative defense consisting of two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *United States v. McLaurin*, 764 F.3d 372, 379 (4th Cir. 2014) (internal quotation marks omitted).  "To establish entrapment, a defendant must first demonstrate the government induced [her] to engage in the criminal activity." *United States v. Young*, 916 F.3d 368, 375 (4th Cir. 2019).  "Inducement involves elements of governmental conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent third party." *Id.* at 382 (quoting *United States v. Daniel*, 3 F.3d 775, 778 (4th Cir. 1993)) (cleaned up).  A defendant must show more than "solicitation," or "the provision of an opportunity to commit a criminal act." *Daniel*, 3 F.3d at 778; *see Jacobson v. United States*, 503 U.S. 540, 548 (1992) (recognizing as "well settled" that "officers or employees of the [g]overnment [may] afford opportunities or facilities for the commission of the offense").

2

"Once the defendant has shown government inducement, the burden shifts to the government to prove beyond a reasonable doubt the defendant's predisposition to have engaged in the criminal conduct." *Young*, 916 F.3d at 375-76.  The government must prove "that the defendant was disposed to commit the criminal act prior to first being approached by [g]overnment agents." *Jacobson*, 503 U.S. at 549.  Evidence of predisposition, however, "is not limited only to crimes specifically contemplated by the defendant prior to government suggestion." *United States v. Hackley*, 662 F.3d 671, 681 (4th Cir. 2011). "Instead, it is sufficient if the defendant is of a frame of mind such that, once [her] attention is called to the criminal opportunity, [her] decision to commit the crime is the product of [her] own preference and not the product of government persuasion." *Id.* (cleaned up); *see McLaurin*, 764 F.3d at 381 (noting that predisposition is shown when a defendant "readily avail[s] himself of the opportunity to perpetrate the crime").

The district court did not err in holding that Harris failed to demonstrate inducement by the Government.  Two confidential informants approached Harris after observing that she was a drug user and asked her where they could find drugs.  Harris then readily agreed to procure drugs for the informants.  In our view, this record provides no evidence of "overreaching," "improper conduct," or "excessive pressure," on the government's part. *See United States v. Hsu*, 364 F.3d 192, 200 (4th Cir. 2004).   In addition, the Government met its burden of proof on the predisposition element.  Harris argues that, while the Government proved Harris was predisposed to use or possess drugs, the Government failed to prove that she was predisposed to distribute drugs. We disagree.  As discussed above, Harris immediately agreed to obtain drugs for the informants. *See Jacobson*, 503 U.S. at

3

550 (noting that "the ready commission of the criminal act amply demonstrates the defendant's predisposition"). Therefore, the district court did not err in finding that Harris failed to demonstrate entrapment as a matter of law.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*